UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DINA DABBOUSEH,<br><br>       Plaintiff,<br><br>    v.<br><br>UNKNOWN PERSON,<br><br>       Defendant. | Case No. 2:25-CV-00255-GSL-AZ |

## OPINION AND ORDER

Before the Court is pro se Plaintiff Dina Dabbouseh's Complaint [DE 1] and Motion to Proceed In Forma Pauperis [DE 2]. For the reasons below, the Court denies the Motion to Proceed In Forma Pauperis, and the Complaint is dismissed without prejudice.

## Discussion

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion to Proceed In Forma Pauperis establishes that she is unable to prepay the filing fee. [DE 2]. However, before Plaintiff's case may proceed, the Court must examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Wartman v. Branch 7, Civ. Div., Cnty. Ct., Milwaukee Cnty., State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975); 28 U.S.C. § 1915(e)(2)(B).

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab.*

*& Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

Plaintiff wishes to sue a Merrillville Police Officer for an encounter at a Speedway gas station in Merrillville, Indiana. [DE 1]. According to the Complaint, an officer approached her and told her that she needed to leave the store. [*Id.*, Page 2]. The officer did not provide a reason, but he told Plaintiff that she would be arrested if she did not comply. [*Id.*, Page 3]. On only these facts, Plaintiff seeks $10,000 for intentional infliction of emotional distress and "duress by means of intimidation." [*Id.*, Page 3].

As discussed, Plaintiff's state-law claim for intentional infliction of emotional distress may only be heard in federal court if, through her allegations, she sufficiently establishes that diversity jurisdiction exists. Her allegations here fail to do so. The Complaint does not allege diversity of citizenship, and Plaintiff's requested relief falls well short of the $75,000 amount-in-controversy required by statute. Her duress and intimidation claim suffers the same deficiencies. Since the Court was unable to discern a cause of action arising under federal law or the

Constitution, the Complaint fails to state a claim upon which relief can be granted: Plaintiff fails to allege that this Court has jurisdiction.

## Conclusion

Accordingly, Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, her Motion to Proceed In Forma Pauperis [DE 2] is **DENIED**. Plaintiff is given until July 11, 2025, to reapply to proceed in forma pauperis and to file an amended complaint. If Plaintiff fails to file these items before the deadline, the Court will direct the Clerk to close the matter without further notice to Plaintiff.

SO ORDERED.

ENTERED: June 11, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court