UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DINA DABBOUSEH,　　Plaintiff,　　v.　　UNKNOWN PERSON,　　Defendant. | Case No. 2:25-CV-00255-GSL-AZ |

## OPINION AND ORDER

Before the Court is pro se Plaintiff Dina Dabbouseh's Amended Complaint [DE 5] and Motion to Proceed In Forma Pauperis [DE 6]. For the reasons below, the Court denies the Motion to Proceed In Forma Pauperis, and the Amended Complaint is dismissed.

## Discussion

An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, as she did when she first moved to proceed in forma pauperis, Plaintiff establishes that she is unable to prepay the filing fee. [DE 6]. The Court denied that first motion, though, because its underlying complaint failed to state a claim upon which relief could be granted. *See* [DE 3]. Now, the Court examines whether the Amended Complaint [DE 5] states a claim for which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. *See Wartman v. Branch 7, Civ. Div., Cnty. Ct., Milwaukee Cnty., State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975); 28 U.S.C. § 1915(e)(2)(B).

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

Plaintiff is suing "[the Merrillville Police Department] for discrimination and false imprisonment," because on "May 20, 2025, [she] was falsely arrested without the consest or probable cause to arrest[.]" [DE 5, Page 3]. Further, she "was not given [her] Miranda rights without the commission of a crime and was falsely imprisoned by 2 officers[.]" [*Id.*, Page 2]. She seeks $200,000 in damages. [*Id.*, Page 3]. For more information, she asks the Court to look up the associated criminal case on the Indiana state court docketing website: mycase.IN.gov. [*Id.*].

False imprisonment, sometimes called false arrest, is a state-law tort.[1] So, as discussed above, there must be diversity of citizenship between the parties and the amount in controversy must be over $75,000 for Plaintiff to bring the claim in federal court. *See Earles v. Perkins*, 788

---

[1] The Court notes that Plaintiff replaces the claim in her initial complaint, that a Merrillville officer is liable for intentional infliction of emotional distress, with a wholly new theory: false imprisonment at the hands of two officers.

N.E.2d 1260, 1265 (Ind.Ct.App.2003) ("Under Indiana law, false imprisonment is defined as the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent."). Plaintiff again fails to allege diversity of citizenship. For the addresses of the Defendants, Plaintiff lists the address for the Merrillville Police Department, which like her own address, is in Indiana. [DE 5, Page 1]. Even if she did properly allege diversity of citizenship, the allegations are "threadbare recitals" of the elements of a false imprisonment claim "supported by mere conclusory statements," which relieves the Court from accepting them as true. *Iqbal*, 556 U.S. at 663 (citation omitted). For these reasons, these claims fail to establish diversity jurisdiction. As for federal question jurisdiction, though Plaintiff alleges that she was "arrested without . . . probable cause," this strikes the Court as another "threadbare recital." [DE 5, Page 3]; *Iqbal*, 556 U.S. at 663 (citation omitted). Plaintiff's request for the Court to seek additional details via the Indiana state court docket does not rescue this complaint. That is not the work of the Court. As Plaintiff has failed to sufficiently allege enough facts to state a claim for which relief can be granted by this Court, the Amended Complaint is dismissed.

## Conclusion

Accordingly, Plaintiff's Amended Complaint [DE 5] is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, her Motion to Proceed In Forma Pauperis [DE 6] is **DENIED**. The Clerk is **DIRECTED** to close this matter.

SO ORDERED.

ENTERED: June 25, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court